Merlyn W. Clark, ISB No. 1026
Andrea J. Rosholt, ISB No. 8895
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5210
Email: mclark@hawleytroxell.com
           arosholt@hawleytroxell.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. TERTELING, an individual and THE TERTELING COMPANY, a/k/a TERTELING TRUST NO. 6,<br><br>          Plaintiffs,<br><br>vs.<br><br>NIXON KENDAL TERTELING, RICHARD A. TINSLEY, and MELANIE ROBERTSON,<br><br>          Defendants. | Case No. 1:22-cv-00271-CWD<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND |

COME NOW Plaintiffs, Thomas E. Terteling, an individual, The Terteling Company, aka

Terteling Trust No. 6, by and through counsel of record, Hawley Troxell Ennis & Hawley LLP,

and hereby submits its Memorandum in Support of Motion to Remand in the above-entitled case

to state court and argues as follows.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND - 1

## I. BACKGROUND

Plaintiffs filed its lawsuit against the above-named Defendants on April 5, 2022, in the district court in and for the Fourth Judicial District for Ada County, State of Idaho (the "State Court Action"). The State Court Action included causes of action against each Defendant sharing in a common purpose, acting with the common intent to abuse the legal process, conspiracy to commit abuse of process and racketeering. Specifically, Plaintiffs allege in the State Court Action that the Defendants invoked the jurisdiction of the state courts of Idaho to obtain the adult adoption of Richard Tinsley for the purpose of defrauding the Terteling Trust No. 6 and its beneficiaries. Plaintiffs successfully intervened and had the fraudulent adoption set aside. Plaintiffs then filed the State Court Action as to the participants in the fraudulent adoption.

On July 11, 2022, Plaintiffs filed a Status Report on Service of Process with this Court. (Dkt. 04) As set forth in Plaintiffs' moving papers, the named Defendants had each been properly served as of July 1, 2022 (the date of removal). Defendant Tinsley was served in the State Court Action on April 13, 2022. *Id.* Defendant N. K. Terteling was served on April 22, 2022, and service was effectuated on Robertson, via publication, on June 1, 2022. *Id.*

On Friday, July 1, 2022 (the last day for statutory removal of the State Court Action), Defendant Melanie Robertson filed a Notice of Removal (Dkt. 01) pursuant to 28 U.S.C. §§ 1441 and 1446. Because Defendants N. K. Terteling and Richard Tinsley were properly served in the State Court Action, Robertson was required to obtain their consent to the removal. Pursuant to controlling Ninth Circuit law, Defendant Robertson's moving papers were required to, at a minimum, contain an averment that the other defendants consented to the removal.

Robertson's Notice, however, was silent as to the required consent.  That silence is fatal to the Motion for Removal.

The action should be remanded back to state court since consent by co-defendants Richard Tinsley (Tinsley) and N.K. Terteling (N.K.T.) is lacking.  Moreover, because the statutory period for Defendants Robertson, Tinsley and N.K.T. to remove has passed, Robertson cannot cure the defective removal.

Separately, the action should be remanded back to the state court under the doctrine of waiver.  Specifically, prior to filing the Notice of Removal, Robertson filed a Motion to Dismiss, Strike and/or Stay in the State Court Action.  Defendant Robertson's removal on July 1, 2022, appears to be a dilatory tactic designed to increase the costs and burden on the Plaintiffs in this case.  As such, Plaintiff not only asks this Court to remand the State Court Action but also asks this Court to award Plaintiffs their reasonable attorney fees and costs in pursuing remand pursuant to §1447.

## II.
## LEGAL STANDARD

Defendant Robertson removed the State Court Action pursuant to 28 U.S.C. §§ 1441 and 1446.  As the party removing the case, Robertson bore the burden of establishing the existence of federal jurisdiction.  *See California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir.2004), cert. denied, 544 U.S. 974 (2005).  In deciding a motion to remand, courts look to whether the case was properly removed in the first place. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal of jurisdiction. *Prize Frize, Inc. v. Matrix,*

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND - 3

*Inc.,* 167 F. 3d 1261, 1265 (9ᵗʰ Cir. 1999).  The defendant also has the burden of showing that the procedural requirements for removal have been complied with. *Idaho v. Friends of Weiser River Trail, Inc.*, No. 1:12-CV-00456-EJL, 2013 WL 2338240, at *1 (D. Idaho May 28, 2013) citing *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1264 (D.Ore.2001).  Any doubt as to the right of removal is resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.,* 902 F.3d 1051, 1057 (9th Cir. 2018).  In assessing removability, courts typically look only to the plaintiff's pleadings. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

## III.
## ARGUMENT

### A.    Robertson's Removal Was Procedurally Defective; Remand Is Appropriate.

28 U.S. Code § 1446 provides that when a civil action is removed under § 1441(a), all defendants who have been properly joined and served must join in and consent to the removal of the action.   The Notice of Removal filed by Defendant M. Robertson states the removal is pursuant to 28 U.S.C. § 1441 and 1446. (Dkt. 01).  In a case involving multiple defendants, "[a]ll defendants must join in a removal petition." *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986).  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). The so-called "rule of unanimity," announced by the Supreme Court in *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), as an interpretation of a predecessor removal statute, merely says that "all the defendants must join in

the application" for removal.  *See also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (citing Chicago only for the proposition that "removal requires the consent of all defendants").  The burden is on the removing defendant to determine which defendants have been served and to secure consent from each of them. *Cacoilo v. Sherwin-Williams Co.*, 902 F.Supp.2d 511, 521–22 (D.N.J.2012)[1].

Consent requires the removing defendant – at a minimum – to include an averment in the removing defendant's moving papers that all properly served defendants consent to the removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009).  A defendant's failure to join is fatal under § 1446.  *See Pressman v. Meridian Mortgage Co.,* 334 F.Supp.2d 1236, 1240–41 (D.Haw.2004) (citing *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232–33 (9th Cir.1986)).  *Pioneer Asset Inv. Ltd. v. Arlie & Co.,* 2015 WL 9665667, at *2 (D. Haw. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 70445 (D. Haw. Jan. 5, 2016); *Pierce v. Kaiser Found. Hosps.,* 2014 WL 1096221, at *2 (S.D.Cal. Mar. 19, 2014).

The failure to obtain and establish the consent of Defendants Tinsley and Terteling makes the removal subject to a motion for remand to state court.  *See Idaho v. Friends of Weiser River Trail, Inc.*, No. 1:12-CV-00456-EJL, 2013 WL 2338240, at *1 (D. Idaho May 28, 2013) (The defendant also has the burden of showing that the procedural requirements for removal have been complied with.).

---

[1] The rule of unanimity applies to all defendants properly served and joined in the action, with the exception of nominal, fraudulently joined or unknown defendants.  *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir.1988); *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 680 (9th Cir.2006) (citation omitted).

**B.    Robertson Cannot "Cure" the Defective Removal.**

The failure to obtain the consent of each defendant at the time of removal is fatal to the removal rendering the removal procedurally defective.   "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants **in the notice for removal**."   *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1266 (9th Cir. 1999) (emphasis added).   In this case, Plaintiffs' named three Defendants:   Robertson, N.K. Terteling and Tinsley.   Each of the foregoing Defendants was properly served as of July 1, 2022.   Despite this fact, Robertson's Notice of Removal was **silent** as to the consent requirement, and neither N. K. Terteling nor Tinsley timely submitted written consents.   The deadline for either Tinsley or N. K. Terteling to remove passed prior to July 1, 2022.   As such, Robertson was required to ensure that the removal was procedurally correct on or before July 1, 2022.

If one of the defendants does not consent, no explanation has been provided in the notice, the removal is procedurally defective, cannot be cured, and the case should be remanded if the plaintiff timely seeks remand.   *Id., see also Taylor v. Medtronic, Inc*., 15 F.4th 148, 151 (2d Cir. 2021) ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent.")[2]. *See also Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir.1992); *Rios v. Lantz*, 402

---

[2] *See also id*. "Nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." Citing *UI Acquisition Holding Co. v. Arch Ins. Co*., 2020 WL 103509, at *3-4 (N.D.N.Y. Jan. 9, 2020) (failure to file or join notice of removal within the thirty-day deadline fatal to removal*); Nat'l Waste Assocs., LLC v. TD Bank, N.A*., 2010 WL 1931031, at *7 (D. Conn. May 12, 2010) ("The removal statute does not invest courts with the discretion to overlook or excuse a failure to meet

F.Supp.3d 1, 2–3 (D.P.R.2019); *Cacoilo v. Sherwin-Williams Co*., 902 F.Supp.2d 511, 519–20 (D.N.J.2012) (subsequent filing of untimely consent by defendants did not cure defect).

## C.     Defendant Robertson Waived the Right to Remove the State Court Action

Separate and apart from the procedural defect, a second basis exists to remand the State Court Action:   Waiver.   It is well settled that "a defendant may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."   *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786 (2018).   One of the ways that a defendant expresses an intent to waive the right to remove is by seeking an adjudication on the merits in the state court action.   *Id.*

As set forth in Robertson's removal papers: on "June 22, 2022, Robertson filed a Motion to Dismiss, Strike, and/or Stay" in the State Court Action.   Removal, Dkt. 01, ¶ 5.   Where, as is the case here, a defendant seeks a disposition in state court, courts have held that defendant has manifested an intent to remain in state court, waiving the right to remove.   *Fate v. Buckeye State Mut. Ins.*, 174 F.Supp.2d 876, 881–82 (N.D.Ind.2001); e.g., *City of Albuquerque*, 864 F.3d at 1091, 1098–99 (right to removal waived by filing motion to dismiss in state court).

---

that statute's requirements."); *Forum Ins. Co. v. Texarkoma Crude & Gas Co*., WL 228023, at *2 (S.D.N.Y. June 22, 1993) ("Procedural errors are equally 'fatal' to jurisdictional errors in removal petitions.").

05609.0034.14885121.2

**D.      Plaintiffs Seek Award of Attorney Fees**

Pursuant to 28 U.S.C. § 1447(c), an order remanding the case may require payment of attorney fees incurred as a result of the removal.  The standard for awarding attorney fees is set forth in *Idaho v. Friends of Weiser River Trail, Inc.*, No. 1:12-CV-00456-EJL, 2013 WL 2338240, at *2 (D. Idaho May 28, 2013):

> "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).   In determining whether attorney fees are appropriate, **district courts should consider whether the purpose of the removal was to prolong litigation and/or impose costs on the opposing party**. *Id.* 28 U.S.C. § 1447(c) was not designed to penalize a party who had a reasonable arguable basis for seeking removal, but had a procedurally defective Notice of Removal.

*Id.*  Plaintiffs respectfully submit that fees should be awarded in this case.  As the record before this Court makes clear, Defendant Robertson was served on June 1, 2022.  On June 22, 2022 (in lieu of filing an Answer) Robertson filed a Motion to Dismiss, Strike and/or Stay the State Court Proceeding.  Robertson did not notice up the motion for hearing.  Instead, she then proceeded to file the Notice of Removal on the very last day, July 1, 2022.  The Notice of Removal was defective for two independent basis:  lack of consent, and waiver.  Plaintiffs respectfully submit that it appears that Defendants' notice of removal was nothing more than a dilatory tactic to delay proceedings and result in unnecessary litigation costs to Plaintiffs to seek remand.  As such, Plaintiffs respectfully request the Court award Plaintiffs reasonable fees and costs in seeking remand.

**IV.**
**CONCLUSION**

Based upon the above, Plaintiffs respectfully request this Court remand this action back to state court.  Plaintiffs also ask this Court to award Plaintiffs reasonable attorney fees and costs pursuant to Section 1447(c).

Dated:  July 14, 2022                              HAWLEY TROXELL ENNIS & HAWLEY LLP


By _____
     Merlyn W. Clark, ISB No. 1026
     Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused to be served a true copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Alyson A. Foster | ☐ U.S. Mail, Postage Prepaid |
| Jennifer Schrack Dempsey | ☐ Hand Delivered |
| DEMPSEY FOSTER PLLC | ☐ E-mail |
| 800 W. Main St., Ste. 1460 | alyson@dempseyfoster.com |
| Boise, Idaho 83702 | jen@dempseyfoster.com |
| *Attorneys for Defendants Richard A. Tinsley and* | ☐ Facsimile 1-855-940-1879 |
| *Melanie Robertson* | ☑ CM/ECF |

I HEREBY CERTIFY that I caused to be served a true copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND by the method indicated below, and addressed to each of the following non-CM/ECF Registered Participants:

| | |
|---|---|
| Nixon Kendal Terteling | ☑ U.S. Mail, Postage Prepaid |
| 8170 Murray Ave. | ☐ U.S. Certified Mail |
| Gilroy, California 95020 | ☐ Overnight Mail |
| *Defendant Pro Se* | ☐ Facsimile |

Dated:  <u>July 14, 2022</u>

_____
Merlyn W. Clark, ISB No. 1026

05609.0034.14885121.2