UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. TERTELING, an individual and THE TERTELING COMPANY, a/k/a TERTELING TRUST NO. 6,<br><br>Plaintiffs,<br><br>v.<br><br>NIXON KENDAL TERTELING, RICHARD A. TINSLEY, and MELANIE ROBERTSON,<br><br>Defendants. | Case No. 1:22-cv-00271-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are four motions: Defendant Melanie Robertson's Motion to Dismiss and/or Stay, Defendant Richard Tinsley's Motion to Set Aside Default, Plaintiffs' Motion to Remand to State Court, and Defendant Melanie Robertson's Motion to Amend Notice of Removal. (Dkt. 3, 9, 6, 14.) Considered here are Plaintiffs' motion to remand and Robertson's corresponding motion to amend, as the issues presented determine whether this lawsuit proceeds before this Court.

**MEMORANDUM DECISION AND ORDER  - 1**

The parties have fully briefed the motions and they are ripe for the Court's consideration.[1] Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. Fed. R. Civ. P. 78(b); Dist. Idaho L. Rule 7.1(d).

After carefully considering the parties' memoranda and relevant legal authorities, and for the reasons set forth below, the Court will grant the motion to remand, and deny the motion to amend as well as Plaintiffs' request for reimbursement of costs and attorney fees. The Amended Notice of Removal and the consents to removal are both untimely and cannot cure the procedural defect in the Notice of Removal filed on July 1, 2022. The Court therefore does not reach Plaintiffs' alternative argument in support of remand, which asserts waiver, or the other pending motions, which were filed before removal.

## BACKGROUND

Plaintiff Thomas Terteling, in his capacity as beneficiary and Trustee on behalf of Terteling Trust No. 6 and the Terteling Company, a/k/a Terteling Trust No. 6 (collectively, "Terteling"), filed this action on April 5, 2022, in the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County, alleging abuse of process, conspiracy to commit abuse of process, and racketeering against Defendants.

---

[1] The motion to remand is considered a dispositive motion. *See Keown v. Tudor Ins. Co.*, 621 F.Supp. 2d 1025, 1029 (D. Haw. 2008). All parties have consented to proceed before a United States Magistrate Judge. 28 U.S.C. § 636; Fed. R. Civ. P. 73. (Dkt. 24.)

**MEMORANDUM DECISION AND ORDER  - 2**

(Dkt. 1-1.) Terteling alleges that Defendants conspired and performed acts in furtherance of a fraudulent scheme targeted against the Terteling Trust.

Richard Tinsley was served with the Summons and Complaint on April 13, 2022; Nixon Terteling (hereafter "Nixon") was served on April 22, 2022; and Robertson was served by publication on or about May 11, 18, 25, and June 1, 2022, in the San Jose Mercury News. (Dkt. 1-6 at 36; Dkt. 1-5 at 3; Dkt. 1 at 2.) Service upon Robertson was therefore effective upon the last day of publication—June 1, 2022. Idaho R. Civ. P. 4(e)(2). (Dkt. 1 at 2.)

Tinsley and Nixon failed to answer or otherwise respond to the Complaint, and Terteling's motions for entry of default were granted by the state district court on May 10, 2022, and May 31, 2022, respectively. (Dkt. 1-6 at 83, 95.) Thereafter, Tinsley filed a notice of appearance through retained counsel on May 16, 2022. (Dkt. 1-6 at 85.) Nixon later appeared pro se on June 8, 2022. (Dkt. 1-6 at 98-103.) Robertson filed a notice of appearance through retained counsel on June 8, 2022. (Dkt. 1-6 at 104.) The same attorney represents Robertson and Tinsley.

Nixon filed an answer on June 10, 2022. (Dkt. 1-5 at 4.) On June 24, 2022, Robertson filed a motion to dismiss, or in the alternative, a motion to stay. (Dkt. 1-6 at 112.) On July 1, 2022, Tinsley filed a motion to set aside the entry of default in the state district court. (Dkt. 1-6 at 174.)

Later on July 1, 2022, Robertson filed a notice of removal with this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. 1.) Despite a notation in the caption that counsel represents both Tinsley and Robertson, the notice of

**MEMORANDUM DECISION AND ORDER - 3**

removal identifies only Robertson as the party-defendant filing the notice. (Dkt. 1.) Further, the notice of removal does not indicate that either Nixon or Tinsley consented to or joined in the removal. (Dkt. 1.)

On July 14, 2022, Terteling filed a motion to remand this case to state court. (Dkt. 6.) Terteling argues the notice of removal is procedurally defective due to lack of consent of all defendants, which defect cannot be cured because the statutory period for removal has expired. (Dkt. 6.) Terteling argues also that Robertson waived her right to seek removal by filing a motion to dismiss in the state court. Terteling contends that Robertson's removal appears to be a dilatory tactic designed to increase the cost of litigation, and thus seeks reimbursement of attorney fees and costs in connection with his motion to remand.

On August 12, 2022, Robertson filed a response to the motion to remand and a motion to amend the notice of removal. (Dkt. 13, 14.) She claims that all of the defendants consented to removal prior to filing the notice, and therefore argues the procedural defect in the original notice may be cured. (Dkt. 14 at 1.) The proposed amended notice of removal avers that Tinsley and Nixon "both consent to this removal. All defendants discussed and agreed to this removal prior to Robertson's filing of the original Notice of Removal." (Dkt. 14-2 at 6.)

Filed with the motion to amend is Tinsley's declaration. Tinsley states, "I consent to the removal of this case" and that, prior to removal of the case on July 1, 2022, "I knew that my co-defendant, Melanie Robertson, was going to remove the case and I consented to it at that time also." Decl. of Tinsley ¶ 2. (Dkt. 14-3.)

**MEMORANDUM DECISION AND ORDER - 4**

Tinsley's and Robertson's counsel filed a declaration in support of the motion to amend. In it, counsel states that:

> Prior to filing a Notice of Removal on Ms. Robertson's behalf on July 1, 2022, I confirmed with my clients that both Mr. Tinsley and Mr. Terteling consented to the removal. On August 9, 2022, I spoke with Mr. Terteling on the telephone while he was at the Gilroy Healthcare facility. He confirmed that he was aware of and consented to the removal of this case from state to federal court. He explained that, prior to removal of the case on July 1, 2022, he had specifically discussed the removal with his co-defendants, Richard Tinsley and Melanie Robertson, and told them then that he consented.

Decl. of Foster ¶¶ 3 – 4. (Dkt. 14-4.)

## ANALYSIS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that [she] has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

**MEMORANDUM DECISION AND ORDER  - 5**

In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. *See* 28 U.S.C. § 1446(b)(2). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(c). All proper defendants in an action must join or consent to a notice of removal. *See* 28 U.S.C. § 1446(a); *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266.

Robertson was served last, on June 1, 2022. She therefore had up through and including July 1, 2022, within which to remove this case to federal court, and obtain the consent or joinder of her co-defendants to removal.[2] Despite representing both Robertson and Tinsley, and knowing all defendants had been served and had appeared, the Notice of

---

[2] Robertson does not dispute that she filed the Notice of Removal on the last day of the 30-day period from the date of service by publication.

**MEMORANDUM DECISION AND ORDER - 6**

Removal does not indicate that either Nixon or Tinsley consented to or joined in it. Moreover, the Notice does not include a sufficient explanation for the absence of joinder by either defendant, or any reason why their consent was not necessary. This falls short of the requirements for removal, and as such, the Notice is procedurally defective. *Palmeira v. CIT Bank., N.A.*, No. 17-00275-ACK-RLB, 2017 WL 4797515 *3 (D. Haw. Oct. 24, 2017); *Idaho v. Friends of Weiser River Trail, Inc.*, No. 1:12-cv-00456-EJL, 2013 WL 2338240 *2 (D. Idaho May 28, 2013).

Robertson argues that there was consent to removal by the two other defendants prior to filing the Notice, and thus she should be permitted to cure the defective Notice because she had consents prior to the expiration of the 30-day deadline on July 1, 2022. However, it is not clear from the declarations that Robertson's lawyer obtained consent from all Defendants prior to filing the Notice of Removal. First, despite the fact that the Notice is signed by counsel for Tinsley and Robertson, the beginning of the notice clearly states that Melanie Robertson is removing the action—and there is no mention of Tinsley or Nixon despite the fact that they were earlier served and actively participating in the lawsuit. *See* Notice ¶¶ 9 – 11, 15. (Dkt. 1.) Next, Counsel states she "confirmed with her clients" that Tinsley and Nixon consented to removal. But Tinsley states only that he knew Robertson was going to remove the case, with no mention of any conversation with counsel. Counsel's statement also begs the question—if she confirmed with her clients, why did she fail to include that fact in the Notice of Removal? Last, counsel's declaration reflects she did not speak with Nixon until August 9, 2022, and it is not clear she had

Nixon's authorization prior to that date to represent to the Court that he consented to or joined in the removal.

Moreover, if counsel indeed obtained the consent of the Defendants, including her other client, Tinsley, prior to preparing and filing the Notice of Removal, she had a fair opportunity to invoke federal jurisdiction. Yet, she failed to state in the Notice of Removal that she had, in fact, obtained consent from Tinsley and Nixon. *See Palmeira*, 2017 WL 4797515 at *6. It is undisputed that neither Nixon nor Tinsley manifested their consent to the Court prior to or contemporaneously with removal. While courts may disagree as to what constitutes sufficient evidence of consent, "all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves." *Dubon v. HBSC Bank Nevada, N.A.*, No. 05-2799 SC, 2005 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005). Accordingly, any discussion between co-defendants prior to removal, "without more, is insufficient to satisfy the unanimity rule." *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 201 WL 2364413 (N.D. Cal. June 5, 2019). *See also Dubon*, 2005 WL 2249902 at *3.

Thus, the question before the Court is whether the declarations submitted after the 30-day window cure the procedural defect in the original Notice of Removal. Robertson argues that, because this is a procedural defect, and not jurisdictional, she may remedy the defect at any time prior to judgment, citing *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). *Destfino* is, however, distinguishable. While it is true that the United States Court of Appeals for the Ninth Circuit affirmed the district court's order rejecting

**MEMORANDUM DECISION AND ORDER - 8**

the defendants' challenge to removal based upon lack of joinder, which in turn allowed the defendant to cure the defect prior to judgment, there are two key distinctions.

First, *Destfino* was not decided under the amendments to 28 U.S.C. § 1446, which became effective January 6, 2012, and codified the "rule of unanimity" as well as the "later-served" rule, which allows a later-served defendant a right of removal separate from that of an earlier-served defendant. *See Palmeira*, 2017 WL 4797515 at *3. The statute now explicitly allows each defendant thirty days after receipt or service of an initial pleading or summons to file a notice of removal. The Court of Appeals for the Ninth Circuit has held that the time limits in Section 1446(b) are mandatory. *Id.* (citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014)). *See also Taylor v. Medronic, Inc.*, 15 4th 148 (2nd Cir. 2021) (Congress provided no exception to the thirty-day time limit); *Friends of Weiser River Trail*, 2013 WL 2338240 at *2 (remanding because the notice was procedurally defective and the deficiencies were not cured within the thirty-day statutory period).

Second, *Destfino* does not establish a broad rule allowing consent to removal up until the entry of judgment. *Sotelo v. Browning-Ferris Industries of Ca., Inc.*, No. 2:20-cv-06927-SB-PVC, 2020 WL 7042816 *3 (C.D. Cal. Nov. 30, 2020). In *Destfino*, the district court was not confronted with a defect in removal until proceedings had progressed to motion practice. *See Destfino*, 630 F.3d at 957-58 (discussing stage of proceedings when defect in removal was raised). The district court declined to remand, as it had "invested considerable time and effort to decide lengthy motions on complicated pleadings." *Destfino*, 630 F.3d at 958. In rejecting the challenge to removal on appeal, the

**MEMORANDUM DECISION AND ORDER - 9**

Ninth Circuit held that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant *reversal* and remand of the matter to state court." *Destfino*, 630 F.3d at 957 (quoting *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) (emphasis added)).

*Destfino*, therefore, stands for the proposition that, to "wipe out the adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *10 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017) (discussing *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), and *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996)). Such concerns do not apply here, where this case is at its earliest stages at the trial level and remand will have a limited impact on the case, if at all. *Sotelo*, 2020 WL 7042816 at *4 (citing *Lewis v. HSBC Bank USA., N.A.,* No. CV17-00234 DKW-KSC, 2017 WL 3671279 at *10 (D. Haw. Aug. 25, 2017)). The Court must uphold its obligation to enforce the procedural requirements associated with removal. *Lewis*, 2017 WL 3671279 at *10.

Robertson cites two other authorities she contends support her position that procedural defects may be cured at any time prior to judgment—*Hemingways Condo. Ass'n, Inc. v. Savello*, and *Gianelli v. Schoenfeld*. Upon closer examination of the facts in each case, the Court does not find them persuasive. In *Hemingways Condo. Ass'n, Inc. v.*

**MEMORANDUM DECISION AND ORDER - 10**

*Savello, LLC*, No. 1:19-CV-00414-SRB-WJE, 2020 WL 476364, at *2 (D. Idaho Jan. 29, 2020), the notice of removal neglected to include information on the citizenship of several limited partners linked to the defendant. The defendant supplemented its notice of removal, and sought to amend its pleadings. The court permitted the defendant to amend its pleadings and its notice of removal, because the amended pleadings adequately demonstrated the parties' diversity of citizenship. 2020 WL 476364 at *2. Here, in contrast, the issue concerns consent to removal in a multiple defendant case, which is required by statute to occur before expiration of the 30-day period for removal by the latest-served defendant.

And, while the court in *Gianelli v. Schoenfeld*, No. 2:21-CV-0477-JAM-KJN-PS, 2021 WL 2106365 (E.D. Cal. May 25, 2021), *report and recommendation adopted*, No. 2-21-CV-0477-JAM-KJN-PS, 2021 WL 2662044 (E.D. Cal. June 29, 2021), also allowed a late filed consent, it declined to opine on the deadline for earlier-served defendants to join a later-served defendant's notice of removal, and therefore did not determine whether the later filed joinder was timely. 2021 WL 2106365 at *13 (finding that it "need not reach" the issue and "need not decide what deadline applies."). In doing so, the court noted the reasoning of multiple other courts, including this Court, that the 30-day

removal-period deadline for consent must be strictly construed.[3] To arrive at its decision, the *Gianelli* court relied upon *Destfino*, failing to appreciate the context within which that case was decided. *Id.* The court next cited three decisions from the Eastern and Northern Districts of California that had also relied upon *Destfino*, and allowed for later joinders to removal to cure prior procedural unanimity defects. *Id.*[4]

The Court finds neither case cited by Robertson to be persuasive, and finds *Palmeira* articulates the better view when a case is in its early stages. 2017 WL 4797515. There, the court reasoned that lack of consent is a defect which must be cured within the 30-day removal period, because: (1) the defendant has the burden of establishing removal is proper; (2) the consent of earlier-served co-defendants is required for removal; and (3) defects in removal requirements must be cured within the 30-day period for removal, or removal is improper. *Id.* at *5. The court also recognized that Congress did not intend for

---

[3] Citing *A. N. v. Target Corp.*, No. CV 20-11380 PA (RAOx), 2021 WL 53169, at *2 (C.D. Cal. Jan. 5, 2021) (earlier-served defendant's consent to removal did not timely cure lack of unanimity because it was "filed well outside the 30-day removal period that began running when the last defendant was served with the Summons and Complaint"); *Sotelo v. Browning-Ferris Indus. of Cal., Inc.*, No. 2:20-CV-06927-SB-PVC, 2020 WL 7042816, at *4 (C.D. Cal. Nov. 30, 2020) ("numerous courts have affirmed that defendants must consent to removal within the 30- day removal period of the last-served defendant") (citations and internal quotation marks omitted); *Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMx), 2020 WL 4192260, at *2 (C.D. Cal. July 17, 2020) (same, collecting cases); *Lewis v. HSBC Bank USA, N.A.*, 2017 WL 3671279, at *7-8 (D. Haw. Aug. 25, 2017) (same, noting that § 1446(b)(2)(C) "does not provide an open-ended opportunity to consent to removal at any time during the course of a case"); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1186 (D.N.M. June 1, 2017) (same); *Idaho v. Friends of Weiser River Trail, Inc.*, 2013 WL 2338240 at *2 (D. Idaho May 28, 2013) (failure to comply with notice and consent requirements of removal statute within the 30-day statutory period rendered removal improper, requiring remand).

[4] Citing *Smith v. Furniture Deals, Inc.*, No. 1:19-CV-1557 AWI EPG, 2020 WL 429130, at *5 (E.D. Cal. Jan. 28, 2020) ("a violation of the defendant unanimity rule may be corrected prior to entry of judgment") (citing *Destfino*, 630 F.3d at 957); *Wimberly v. Beard*, No. 2:16-CV-0279-KJM-KJN-P, 2016 WL 5791228, at *3 (E.D. Cal. Aug. 26, 2016) (remand was unwarranted despite "untimely consent" because later joinder cured procedural defect and no judgment had been entered); *see also Conroy v. Ridge Tool Co.*, No. 4:20-CV-05882-YGR, 2020 WL 8641963, at *4 (N.D. Cal. Nov. 18, 2020) ("*Destfino* instructs that the timeline for joinder is not strict....").

**MEMORANDUM DECISION AND ORDER - 12**

the removal statute to "allow an indefinite period for removal." *Id.* at 6 (citing H.R. Rep. No. 112-10, at 14 (2011)); *see also Lewis*, 2017 WL 3671279 at *7 (Section 1446(b)(2)(C) "does not provide an open-ended opportunity to consent to removal at any time during the course of a case."); *Friends of Weiser River Trail, Inc.*, 2013 WL 2338240 at *2 (strictly construing the 30-day statutory period when the removing defendant failed to join all co-defendants).

Put simply, the Court finds nothing in the statute that provides the Court with any discretion to allow a party to cure a failure to meet the statute's requirements once the 30-day period for removal lapses. If Robertson did, indeed, have the prior consent of her co-defendants, she had a fair opportunity to invoke federal jurisdiction. That Robertson failed to state in her Notice of Removal that she had obtained the consent of Nixon and Tinsley does not render the requirement that consent be filed within the 30-day period for removal unfair, or contrary to § 1446 or congressional intent. *Palmeira*, 2017 WL 4797515 at *6. In light of Robertson's noncompliance with the unanimity rule, Nixon's and Tinsley's untimely joinder, and the strong presumption against removal jurisdiction, this action will be remanded to state court.

2. **Removal Expenses**

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely,

MEMORANDUM DECISION AND ORDER - 13

when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). The Court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. *Id*. The *Martin* Court also instructed that:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id*.

Although the Court concludes that remand is required, it finds that an award of attorney fees and costs to Terteling under § 1447(c) is not warranted, because Robertson had an objectively reasonable basis for seeking removal. Sections 1332 and 1441 provided a basis for removal notwithstanding the Notice's procedural deficiencies. Moreover, the case law regarding unanimity is unsettled. *See Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMx), 2020 WL 4192260 at *2 (C.D. Cal. July 17, 2020) ("[T]he question of when a separate joinder or consent must be filed to be timely does not appear to be definitively established in the Ninth Circuit, particularly following recent amendments to the removal procedure statute," quoting *Pattison v. Nevada*, 2014 WL 2506467, at *1 (D. Nev. June 3, 2014)). Accordingly, the Court will decline to award fees or costs pursuant to § 1447(c).

**MEMORANDUM DECISION AND ORDER - 14**

## CONCLUSION

For the foregoing reasons, the Court will grant the motion to remand, and deny the motion to amend the Notice of Removal. The Court also declines to award attorney fees and costs to Plaintiffs. The Court does not reach Plaintiffs' alternative argument based upon waiver.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion to Remand (Dkt. 6) is **GRANTED**.

2) Plaintiffs' request for attorney fees and costs in the motion is **DENIED**.

3) Defendant Robertson's Motion to Amend (Dkt. 14) is **DENIED**.

4) The Clerk is instructed to remand this matter to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada.

DATED: October 14, 2022

Honorable Candy W. Dale
United States Magistrate Judge